UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | **EDCV 25-01949-KK-DTBx** | Date: | November 25, 2025 |
|---|---|---|---|
| Title: | *Edgar R Acu v. Westrock Services, LLC* | | |

| Present: The Honorable | KENLY KIYA KATO, UNITED STATES DISTRICT JUDGE |
|---|---|

| Dominique Carr | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Present | None Present |

**Proceedings:** (In Chambers) Order to Show Cause

On March 14, 2024, plaintiff Edgar R. Acu ("Plaintiff") filed a Class Action Complaint against defendant Westrock Services, LLC ("Defendant") in Riverside County Superior Court, alleging Defendant violated various California labor protections. Edgar R. Acu v. WestRock Services, LLC et al., No. 5:24-cv-00854-KK-DTBx, ECF Docket No. ("Dkt.") 1-3, Ex. A. On April 22, 2024, Defendant removed the action to this Court. Id., dkt. 1.

On April 25, 2024, this Court issued its Civil Standing Order, requiring "[f]or any action purporting to commence a class action, . . . plaintiff(s) shall file a motion for class certification no later than 100 days from the date of the parties' Rule 26(f) conference." Id., dkt. 18 at 6.

On August 26, 2024, Plaintiff filed a Second Amended Class Action Complaint. Id., dkt. 29. On October 17, 2024, the parties filed a Joint Rule 26(f) Report. Id., dkt. 32. Accordingly, pursuant to the Court's Civil Standing Order, Plaintiff's motion for class certification was due no later than January 27, 2025. Plaintiff did not file a class certification motion by that deadline, nor did Plaintiff seek an extension of time to do so.

On June 18, 2025, the Court granted Plaintiff's motion to remand because the Court lacked jurisdiction under the Labor Management Relations Act. Id., dkt. 68.

On July 18, 2025, Defendant removed the action back to this Court pursuant to the Class Action Fairness Act ("CAFA"). Dkt. 1. However, as Plaintiff did not seek and obtain class

certification by the deadline set by the Court, there appears to be no basis for this Court to exercise jurisdiction under CAFA.[1]

Accordingly, the parties are **ORDERED TO SHOW CAUSE** in writing, **no later than December 5, 2025**, why the instant action should not be remanded for lack of federal jurisdiction. Failure to timely and adequately respond will result in remand without further notice.

**IT IS SO ORDERED**.

---

[1] It appears Plaintiff's class allegations in this action are subject to being stricken or dismissed for failure to timely move for class certification. See Rocha v. Yoshinoya W., Inc., No. CV 06-00487-MMM-AJWx, 2007 WL 8398819, at *3 (C.D. Cal. Jan.8, 2007) ("Plaintiffs' failure to seek class certification in a timely fashion is a strong indic[ation] that plaintiffs are not adequately and fairly representing the interests of the absent class."). Moreover, the Court is not pleased with the gamesmanship exhibited by both parties in seeking to remand and remove which has resulted in the unnecessary expenditure of scarce judicial resources.