UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | **EDCV 25-01949-KK-DTBx** | Date: | April 21, 2026 |
|---|---|---|---|
| Title: | ***Edgar R. Acu v. Westrock Services, LLC*** | | |

Present: The Honorable    KENLY KIYA KATO, UNITED STATES DISTRICT JUDGE

| Dominique Carr | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Present | None Present |

**Proceedings:    (In Chambers) Order DENYING Plaintiff's Motion to Remand [Dkt. 41], DENYING Defendant's Motion for Reconsideration [Dkt. 48], and DENYING Joint Stipulation to Stay Discovery as MOOT [Dkt. 52]**

**I.**
**INTRODUCTION**

On March 14, 2024, plaintiff Edgar R. Acu ("Plaintiff") initiated this action by filing a Class Action Complaint in Riverside County Superior Court, asserting claims pursuant to the California Labor Code and Unfair Competition Law.  Dkt. 1-2, Declaration of Scott Jang ("Jang Decl.") ¶ 5, Ex. A, Complaint ("Compl.") ¶¶ 30-94.  On August 26, 2024, Plaintiff filed the operative Second Amended Complaint ("SAC") against defendant Westrock Services, LLC ("Defendant").  Dkt. 1-8, Ex. F, SAC.  On March 9, 2026, Plaintiff filed the instant Motion to Remand.  Dkt. 41, Motion ("Mot.").  On March 26, 2026, Defendant filed the instant Motion for Reconsideration.  Dkt. 48, ("Mot. II").

The Court finds these matters appropriate for resolution without oral argument.  See Fed. R. Civ. P. 78(b); C.D. Cal. L.R. 7-15.  For the reasons set forth below, Plaintiff's Motion to Remand and Defendant's Motion for Reconsideration are **DENIED**.

**II.**
**BACKGROUND**

On March 14, 2024, Plaintiff commenced the instant action in Riverside County Superior Court.  Compl.  On April 22, 2024, Defendant removed the action to this Court asserting federal question jurisdiction under the Labor Management Relations Act ("LMRA").  Dkt. 1-6.

On July 18, 2024, Plaintiff filed a First Amended Complaint, removing other defendants and raising, for the first time, claims pursuant to the California Private Attorneys General Act of 2004 ("PAGA").  Dkt. 1-7, Ex. E.

On August 26, 2024, Plaintiff filed the operative SAC against Defendant, raising the following causes of action:

1.  **Cause of Action One:**  Failure to Pay Minimum Wages pursuant to Cal. Lab. Code §§ 204, 1194, 1194.2, and 1197;
2.  **Cause of Action Two:**  Failure to Pay Overtime Compensation pursuant to Cal. Lab. Code §§ 1194 and 1198;
3.  **Cause of Action Three:**  Failure to Provide Meal Periods pursuant to Cal. Lab. Code §§ 226.7 and 512;
4.  **Cause of Action Four:**  Failure to Authorize and Permit Rest Breaks pursuant to Cal. Lab. Credit § 226.7;
5.  **Cause of Action Five:**  Failure to Indemnify Necessary Business Expenses pursuant to Cal. Lab. Code § 2802;
6.  **Cause of Action Six:**  Failure to Timely Pay Wages at Termination pursuant to Cal. Lab. Code §§ 201, 202, and 203;
7.  **Cause of Action Seven:**  Failure to Provide Accurate Itemized Wage Statements pursuant to Cal. Lab. Code § 226;
8.  **Cause of Action Eight:**  Violations of the Unfair Competition Law; and
9.  **Cause of Action Nine:**  Civil Penalties pursuant to PAGA.

SAC ¶¶ 31-103.

On June 18, 2025, the Court remanded this action back to Riverside County Superior Court because it lacked federal question jurisdiction under the LMRA.  Jang Decl. ¶ 12.

On July 18, 2025, Defendant filed a second Notice of Removal, asserting diversity jurisdiction pursuant to the Class Action Fairness Act ("CAFA").  Dkt. 1, Notice of Removal ("NOR") ¶¶ 21-40.

On December 19, 2025, the Court ruled on Defendant's Motion for Summary Judgement, and, in relevant part, struck the SAC's class allegations due to Plaintiff's failure to timely move for class certification by the deadline of January 27, 2025.  Dkt. 32 ("MSJ Order") at 7-8.  The Court also granted partial summary judgment to Defendant on various claims.  Id. at 16.

On February 20, 2026, the Court issued its Civil Trial Scheduling Order, in relevant part, setting a discovery cut-off of April 30, 2026.  Dkt. 36.

On March 9, 2026, Plaintiff filed the instant Motion to Remand.  Mot.  On March 19, 2026, Defendant filed an Opposition to the Motion to Remand.  Dkt. 43.  On March 26, 2026, Plaintiff filed a Reply.  Dkt. 47.

On March 26, 2026, Defendant filed the instant Motion for Reconsideration.  Dkt. 48.  On April 10, 2026, Plaintiff filed an Opposition to the Motion for Reconsideration.  Dkt. 50.  On April

---

15, 2026, Defendant filed a Reply.  Dkt. 51.  Further, on April 16, 2026, the parties filed a Joint
Stipulation to Stay Discovery pending resolution of the instant motions.  Dkt. 52.

These matters, thus, stand submitted.

## III.
## DISCUSSION

### A.      PLAINTIFF'S MOTION TO REMAND IS DENIED

#### 1.      Applicable Law

Under 28 U.S.C. § 1441(a), a civil action may be removed from state to federal court if the
action is one over which federal courts could exercise original jurisdiction.  When removing a case
under diversity jurisdiction, the defendant must establish (1) complete diversity among the parties
and (2) an amount in controversy over $75,000.  28 U.S.C. § 1332(a); see also Chavez v. JPMorgan
Chase & Co., 888 F.3d 413, 415 (9th Cir. 2018).  "A defendant seeking removal has the burden to
establish that removal is proper and any doubt is resolved against removability."  Luther v.
Countrywide Home Loans Servicing LP, 533 F.3d 1031, 1034 (9th Cir. 2008); see also Gaus v. Miles,
Inc., 980 F.2d 564, 566 (9th Cir. 1992) (holding the removal statute is "strictly construe[d] . . . against
removal jurisdiction").

#### 2.      Analysis

Here, Defendant removed the instant action on the basis of CAFA and the class allegations
in Plaintiff's SAC at the time of removal.  NOR.  In his Motion to Remand, Plaintiff argues the
Supreme Court's decision in Royal Canin U.S.A., Inc. v. Wullschleger, 604 U.S. 22 (2025) ("Royal
Canin"), and the Ninth Circuit's subsequent and related decision in Faulk v. JELD-WEN, Inc., 159
F.4th 618 (9th Cir. 2025), require this Court to remand for lack of subject matter jurisdiction.  Mot.
at 9-13.  However, contrary to Plaintiff's argument, Royal Canin held a federal court loses
jurisdiction when a plaintiff amends the complaint to omit the basis for federal jurisdiction.  Royal
Canin U.S.A., Inc., 604 U.S. at 43-44.  Here, however, the Court, not Plaintiff, struck the class
allegations that gave rise to CAFA removal jurisdiction.  See MSJ Order.  Therefore, Royal Canin
and Faulk do not preclude this Court's continued exercise of jurisdiction.[1]

Accordingly, Plaintiff's Motion to Remand is **DENIED**.

### B.      DEFENDANT'S MOTION FOR RECONSIDERATION IS DENIED

#### 1.      Applicable Law

A motion to reconsider "is an extraordinary remedy, to be used sparingly in the interests of
finality and conservation of judicial resources."  Feltzs v. Cox Commc'ns Cal., LLC, 562 F. Supp. 3d

---

[1] Notably, Plaintiff does not cite a case with a similar procedural posture, i.e. where a court
struck the claims giving rise to federal subject matter jurisdiction and subsequently found it lacked
jurisdiction.

535, 539 (C.D. Cal. 2021) (internal quotation marks omitted).  "[A] district court may reconsider its prior rulings so long as it retains jurisdiction over the case."  United States v. Smith, 389 F.3d 944, 948 (9th Cir. 2004) (citing City of Los Angeles v. Santa Monica Baykeeper, 254 F.3d 882, 888 (9th Cir. 2001)).  Further, Federal Rule of Civil Procedure 60(b) provides a court may relieve a party from any prior order or decision for reasons including, but not limited to: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that could not have been discovered with reasonable diligence; and (3) any other reason that justifies relief.  Fed. R. Civ. P. 60(b)(1)-(2), (6).

In addition, motions to reconsider are governed by a district's local rules.  In re Countrywide Fin. Corp. Mortg.-Backed Sec. Litig., 966 F. Supp. 2d 1031, 1036 (C.D. Cal. 2013) ("Motions for reconsideration are governed by the Local Rules of this district.").  In this District, Local Rule 7-18 limits reconsideration to only three enumerated grounds: "(a) a material difference in fact or law from that presented to the Court that, in the exercise of reasonable diligence, could not have been known to the party moving for reconsideration at the time the Order was entered, or (b) the emergence of new material facts or a change of law occurring after the Order was entered, or (c) a manifest showing of a failure to consider material facts presented to the Court before the Order was entered."  C.D. Cal. L.R. 7-18.  Additionally, "[a]bsent good cause shown, any motion for reconsideration must be filed no later than 14 days after entry of the Order that is the subjection of the motion[.]"  Id.

### 2.    Analysis

As an initial matter, the Motion for Reconsideration is subject to being stricken and denied on the basis of the patent misrepresentation regarding compliance with Local Rule 7-3's meet and confer requirements.[2]  See dkt. 50 at 7.  Additionally, the Scheduling Order Defendant seeks to challenge was issued on February 20, 2026.  Dkt. 36.  Hence, the Motion for Reconsideration is also subject to denial as untimely.

Further, on the merits, Defendant fails to demonstrate any grounds warranting reconsideration of the Court's February 20, 2026 Order.  Rather, Defendant neither argues nor presents a basis to find a material difference in law or fact Defendant failed to know at the time of the Order, the emergence of new material facts or changes of law, or a showing the Court failed to consider material facts in issuing the Order.  See id; C.D. Cal. L.R. 7-18.  Thus, Defendant has not established any valid basis for reconsideration.

Accordingly, Defendant's Motion for Reconsideration is **DENIED**.

///

///

///

---

[2] Defendant is expressly warned that any future misrepresentation will result in sanctions, including monetary penalties and Plaintiff's reasonable attorney's fees.  Fed. R. Civ. P. 11.

**IV.**
**<u>CONCLUSION</u>**

For the reasons set forth above, Plaintiff's Motion to Remand is **DENIED** and Defendant's Motion for Reconsideration is **DENIED**.  Additionally, the parties' Joint Stipulation to Stay Discovery is **DENIED** as **MOOT.**

**IT IS SO ORDERED.**